UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VICKIE ELLEN CHANCE,

    Plaintiff,

v.                                          Case No. 3:22cv25254-MCR-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, Vickie Ellen Chance, a pretrial detainee at the Escambia County Jail ("Jail") proceeding *pro se* and *in forma pauperis* at the time she filed suit, has filed an amended complaint alleging the Jail denied her mental health medication which had recently been prescribed for her.[1] ECF Doc. 9. Upon screening the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court finds Plaintiff cannot state a claim for which relief can be granted. Because Plaintiff has been given the opportunity to amend but has failed to remedy the deficiencies identified in the

---

[1] In the amended complaint, Plaintiff continues to assert a claim under the Eighth Amendment. However, as she was instructed in the Court's January 9 Order, because Plaintiff is a pretrial detainee, her deliberate indifference claim lies only under the Fourteenth Amendment. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

original complaint, the undersigned recommends this case be dismissed for failure to state a claim.

## I.   BACKGROUND

Plaintiff sues one defendant, the Jail.  ECF Doc. 9 at 2.  Plaintiff alleges that prior to being arrested, Plaintiff had been taking mental health medication prescribed by Fort Walton Beach Hospital.  After her arrest, the Jail denied Plaintiff her medications, which she listed in the amended complaint as Aripiprazole, Gabapentin, Hydroxy, Prazosin, Sertraline, and Trazodone. *Id.* at 5.  Plaintiff was released from the Jail on January 18, 2023.  Plaintiff contends this is cruel and unusual punishment under the Eighth Amendment and violates her due process rights under the Fourteenth Amendment.  As relief, Plaintiff seeks damages of $60,000. *Id.* at 7.

## II.   LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against a governmental entity and proceeding *in forma pauperis*, the Court is required to review her complaint, identify cognizable claims, and dismiss the amended complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also,* 28 U.S.C. § 1915(e)(2) (applying similar screening standard to complaints filed by plaintiffs proceeding *in forma pauperis*).  In

reviewing Plaintiff's complaint, the Court must read Plaintiff's allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and conclusory allegations are not entitled to a presumption of truth. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

**III. ANALYSIS**

As discussed below, even when reading Plaintiff's allegations liberally, in her favor, and accepting them as true, the allegations simply do not support a cause of action for which relief can be granted.

As an initial matter, Plaintiff was instructed in the Court's January 9, 2023 Order that the Jail was not a proper defendant, ECF Doc. 8 at 3, but she failed to remedy this defect in the amended complaint. *See Avant v. Rice*, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office).

Plaintiff was also told that, even if she identified a correct defendant, to state a claim against a governmental entity for violating Plaintiff's constitutional rights, she must allege facts showing a causal connection between the entity's action or inaction and the alleged constitutional violation. This means Plaintiff must allege

facts sufficient to show (1) her constitutional rights were violated; (2) the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). Plaintiff, nonetheless, has failed to do so. Plaintiff has identified no policy or custom at the Jail that resulted in her alleged constitutional violation.

The Court's January 9 Order also instructed Plaintiff that if she seeks to sue individuals involved in denying her medication, she must specifically identify each defendant she contends violated her constitutional rights and state facts showing each enagaged in wrongful conduct, sufficient to meet the basic pleading requirements of Federal Rule of civil Procedure 8. Fed. R. Civ. P. 8(a)(2). Plaintiff, however, continues to name only the Jail as a Defendant.

Finally, despite being instructed as to the elements of a medical deliberate indifference claim in the January 9 Order, *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (setting forth elements), the amended complaint is devoid of any factual allegations showing that Plaintiff's mental health was or is a serious medical need, or that anyone at the Jail was deliberately indifferent to that need and intentionally withheld the medication. Plaintiff also has not alleged any facts to

Case No. 3:22cv25254-MCR-HTC

show she was injured by any failure to get medical care or even what conditions she has.

Accordingly, it is ORDERED:

1.   Out of an abundance of caution, the clerk is directed to mail a copy of this Report and Recommendation to "350 W. Strong St., Pensacola, FL 32501" (which is the address listed in her Notice of Change of Address, ECF Doc. 11), and to "530 W. Strong St., Pensacola, FL 32501," which is the return address on her amended complaint.

And it is respectfully RECOMMENDED that:

1.   Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

2.   The clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.